319 So.2d 127 (1975)
Readus Roscoe SHEPARD and Geraldine Elizabeth Shepard, Appellants,
v.
STATE of Florida, Appellee.
Nos. W-42 and W-136.
District Court of Appeal of Florida, First District.
May 12, 1975.
H. Randolph Fallin and Edward J. Hopkins, Millar, Fallin & Lally, Jacksonville, for appellants.
Robert L. Shevin, Atty. Gen., and Andrew W. Lindsey, Asst. Atty. Gen., for appellee.
RAWLS, Chief Judge.
"Amendment IV.
"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." [Constitution of the United States]

*128 "Article I, Section 12

"Searches and seizures.  The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. Articles or information obtained in violation of this right shall not be admissible in evidence." [Constitution of the State of Florida]
At approximately 9:30 p.m., January 31, 1974, two Jacksonville policemen met with a confidential informant who advised them that appellants had that day sold some amphetamines in the informant's presence in a motel room which appellants had been occupying for two of three days. The two policemen were joined by a third policeman and immediately went to the named motel where they procured from the manager the number of appellants'[1] room and a passkey. The officers, who were dressed in what they described as casual attire, proceeded to the room occupied by appellants. One of the officers, whose hair style was long, knocked on the motel room door.[2] Appellant, Readus Shepard, opened the door with the night chain in place. The longhaired plainclothes officer identified himself as "police" whereupon Shepard slammed the door. Within a matter of seconds, the three officers kicked the motel room door open and proceeded to search the bedroom and the bathroom occupied by appellant, Readus Shepard, and his wife, Geraldine. A small quantity of amphetamines were found in the bathroom in Geraldine's possession. The commode in the bathroom was completing a flushing cycle.
Upon the foregoing essential facts, the trial judge denied a timely motion to suppress introduction of the articles obtained as a result of the search into evidence. The officers testified on deposition that:
"A We were  as far as I was concerned we were going to search the room. [Record at page 27, hereafter referred to as R.]
......
"... We were acting as if we had a search warrant; which would have been to go there, search the residence or  if we had the search warrant we would have gone there and searched the place, and even if we hadn't found anything we wouldn't have made the arrest. [R at 53, 54]
......
"A Because I told you that we were basing our action there just as if we had a search warrant. At no time when we execute a search warrant, even though we have probable cause to obtain the search warrant for various reasons,  at that time if we would not have found anything we would not have arrested him. [R at 77]
......
"... I mean, maybe the necessary probable cause for arrest, but at such time it would have came [sic] to court we would not have had any evidence to substantiate this. So, we did not go under this pretense. We went there to search the place just as if we would if we had the search warrant." [R at 76] [Emphasis supplied.]
"... We had planned to go there to search the room with consent or without consent." [Transcript at 87]
*129 To sum up, these officers, in the name of probable cause predicated upon information of an unnamed individual of one sale of amphetamines, during the night kicked appellants' bedroom door open for the sole purpose of conducting a search.
A basic argument submitted by the state as to the reasonableness of the search is that one of the officers testified that during his employment with the Sheriff's office, he had applied for some 50 search warrants and that during working hours, it took some two to three hours to obtain a search warrant. The state then reasons that it would have been impractical to procure a search warrant at this time of night. The absence of efficient administrative machinery on the part of the sovereign does not repeal the constitutional guarantee to a citizen to be secure in his bedroom during the nighttime. The state further argues that the officers at that time of night were apprehensive that appellants might: a) sell the remaining evidence; b) leave their motel room, or c) destroy the evidence. In addition, the state contends that the police officers felt that by their actions they might prevent further sales of drugs as appellant, Readus Shepard, was known to them for his reputation of criminal activity, and that to maintain surveillance of appellants until a search warrant could have been obtained was not practical. Poppycock!
These officers possessed not one scintilla of independent knowledge as to appellants' involvement with drugs in that room, or any information that "the evidence might be sold". As to appellants leaving the motel room, the information possessed by the officers was that this husband and wife had lived in the subject room for two or three days, and nothing indicated they were about to depart the room during the nighttime after 10:00 p.m. An isolated sale of drugs had been observed by this still unidentified person labeled a "confidential informer". No other information was possessed by the officers as to any potential sale of amphetamines; however, surveillance of the premises might well have been in order. Such course of action certainly was more reasonable than kicking the door open. The only reason for not establishing surveillance is one of the officer's statements that such was not practical. As to Readus Shepard's (appellant's) propensity for criminal activity, this was supported solely by an officer's testimony that, "... We had received information, I should say, about Mr. Shepard through anonymous phone calls and complaints in our office, and knowing that this informer was familiar with the people in that area that's why I asked him about Mr. Shepard."
Our forefathers chiseled in the granite of our State and Federal Constitutions the right to peacefully retire in our bedrooms at night without the fear of storm troopers kicking the door open and ransacking the premises. Suspicion by law enforcement officers of some unlawful activity within the confines of a bedroom is not authority for them to self-endow themselves with a search warrant and unilaterally proceed to execute such mythical instrument. To hold otherwise would be to invite a totalitarian police state. See Thurman v. State, 156 So. 484 (Fla. 1934); Kraemer v. State, 60 So.2d 615 (Fla. 1952); Boynton v. State, 64 So.2d 536 (Fla. 1953); Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1947), and Vale v. Louisiana, 399 U.S. 90, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970).
The judgments appealed are reversed with directions that appellants be discharged.
Reversed.
McCORD, J., concurs.
BOYER, J., concurs specially.
*130 BOYER, Judge (concurring specially).
I am in complete agreement with the foregoing opinion. The actions giving rise to reversal are virtually identical to those condemned by us in Hannigan v. State, Fla.App. 1st 1975, 307 So.2d 850. We here again experience the same frustrations as there expressed. Appellants' guilt is apparent but the constitutional rights of all citizens are paramount. We must now therefore again reverse a conviction simply because the police refused to follow the simplest of procedures. Had those procedures not been ignored guilty felons would have been duly punished. Our frustrations must not, however, take precedence over constitutional rights. Reversal is required.
NOTES
[1] Appellants were registered at the motel in their correct names.
[2] The other two officers concealed themselves around a corner of the building.