MILLS, Judge
(dissenting):
I dissent. In my opinion, there was neither probable cause nor exigent circumstances to support the warrantless search and seizure of the amphetamines. There was no evidence that the defendant had amphetamine pills in his home. To the contrary, the evidence indicates that he had none. Dale had agreed to sell the deputy one thousand pills, but at the sale said that he had only two hundred which he had just obtained from the defendant. As the deputy had the money to buy one thousand, certainly Dale would have sold him this amount if he had them or could have obtained them. There was no evidence that the defendant was about to flee or to destroy drugs. To the contrary, he remained in the home from the time the deputy first saw him until the breakin. Nor was there any evidence that the defendant was going to destroy drugs. The deputy and the other officers had the home under surveillance for some time before the breakin. This could and should have been continued until a warrant was obtained. The State offered no excuse for its failure to obtain a warrant.
Although there was probable cause to support the warrantless search and seizure of the marijuana, there was no exigent circumstances. Earlier in the evening, the deputy saw persons smoking in the home and smelled marijuana smoke coming from inside the home. Shortly thereafter, Dale told him that they had plenty of hashish and went into the home where he got a supply which he sold to the deputy. There was probable cause. However, as stated above, there is no evidence of exigent circumstances. See Shepard v. State, 319 So.2d 127 (Fla.App. 1st, 1975); Berry v. State, 316 So.2d 72 (Fla.App. 1st, 1975).
The evidence further indicates that the officers had decided at their conference, prior to knocking on the door of the home, that they were going to search the home.
I would reverse.