PER CURIAM.
Mary Ida Maddan Brown appeals her conviction of possession of more than five grams of marijuana and obstructing, opposing or resisting an officer without violence. She raises four points, only one of which merits discussion. Ms. Brown contends that the warrantless search of her mobile home was unreasonable and that the evidence obtained should be suppressed. We agree.
The Okaloosa County Sheriff’s Department sent an undercover agent into Ms. Brown’s home to make a controlled buy of marijuana from a Mr. McCarthy. After the sale was completed, the deputies entered the trailer and arrested Mr. McCarthy, Ms. Brown, and a third person. They then conducted a warrantless search of the entire trailer and found marijuana in the living room and in the kitchen.
The state argues that the search of the entire trailer was justified as a search incident to an arrest because the defendants refused to remain seated on the living room couch. The trial court accepted this argument, reasoning that the officers could reasonably search any area where the defendants had been in order to find any contraband which may have been hidden. This was error.
Warrantless searches are “per se unreasonable under the Fourth Amendment— subject only to a few specifically established and well-delineated exceptions”. Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967); Hornblower v. State, 351 So.2d 716 (Fla.1977), and the state has the burden of showing that exigent circumstances precluded obtaining a warrant. Hornblower, supra.
The argument that the search was justified as a search incident to an arrest must be rejected. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). After arresting Chimel in his home for burglary of a coin shop, the officers searched the entire house — as a search incident to the arrest. The Supreme Court stated:
When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape. Otherwise, the officer’s safety might well be in danger, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee’s person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule. A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. There is ample justification, therefore, for a search of the ar-restee’s person and the area ‘within his immediate control’ — construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence.
There is no comparable justification, however, for routinely searching any room other than that in which an arrest occurs — or for that matter, for searching through all the desk drawers or other clothes or concealed areas in that room itself. Such searches, in the absence of well-recognized exceptions, may be made only under the authority of a search warrant. The ‘adherence to judicial processes’ mandated by the Fourth Amendment requires no less. (Emphasis supplied.)
395 U.S. at 762-763, 89 S.Ct. at 2040. Vale v. Louisiana, 399 U.S. 30, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970). Searches incident to arrests, therefore, are permitted: (1) to protect the officer’s safety, and (2) to prevent destruction of evidence. A search of the defendants and the area within their imme *CMI diate control — here, the living room — was justified; the search of the remainder of the mobile home was not.
A warrantless search outside the area controlled by a defendant cannot be upheld as a search incident to an arrest, United States v. Jackson, 533 F.2d 314 (6th Cir. 1976); State v. Skrobacki, 331 So.2d 376 (Fla. 1st DCA 1976), and the state has shown no exigent circumstances which would allow a warrantless search of the entire mobile home. This was a planned drug buy and the officers had probable cause for a search warrant. Hannigan v. State, 307 So.2d 850 (Fla. 1st DCA 1975); Hornblower, supra. Further, a warrant could have been obtained after the arrest. Deputy Brewer admitted that he could have taken the defendants to jail, posted a guard at the mobile home and obtained a warrant. See Ferrara v. State, 319 So.2d 629 (Fla. 1st DCA 1975). It is unlikely that obtaining the warrant would have taken two to three days as Deputy Brewer testified. But even if it did, bureaucratic inefficiency cannot be allowed to erode constitutional protections and does not justify warrantless searches. Shepard v. State, 319 So.2d 127 (Fla. 1st DCA 1975).
The seizure of the marijuana in the living room was proper as part of the search incident to a valid arrest. However, any contraband found in any other area of the mobile home must be suppressed.
We find no merit in the other points raised by Ms. Brown and no error in her conviction for obstructing, opposing or resisting an officer with violence. That conviction is affirmed.
Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
McCORD, ROBERT P. SMITH, Jr. and LARRY G. SMITH, JJ., concur.