715 So.2d 992 (1998)
STATE of Florida, Appellant,
v.
James L. FUTCH, Appellee.
No. 97-04217.
District Court of Appeal of Florida, Second District.
June 26, 1998.
Rehearing Denied August 10, 1998.
*993 Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellant.
C. Nathaniel White, Bartow, for Appellee.
WHATLEY, Judge.
The State appeals an order suppressing the methamphetamine found pursuant to a warrantless search of James L. Futch's motel room. We affirm in part and reverse in part.
A confidential informant advised police that the person in Futch's motel room was a wanted sexual predator.[1] Police established surveillance of the room. After observing the room for a while, detectives went to the lobby of the motel where they located Futch. Futch agreed to go back to his room to talk with the detectives.[2] While in the room, police spoke with Futch and ran an identification check. During this time, an officer noticed a mirror that had a white, powdery substance on its surface. Based on his training and experience, the officer believed the powder was contraband. An initial test produced inconclusive results, but a second showed the presence of methamphetamine. Futch was placed under arrest outside the motel room. Thereafter, police sent a K-9 unit inside the room, which detected the presence of an amount of methamphetamine sufficient to support a charge of trafficking.
The trial court concluded that the seizure of the mirror was improper and issued an order suppressing all of the methamphetamine found in the room. It found that the methamphetamine on the mirror was not immediately apparent because it had to be tested twice. The trial court stated, "[Y]ou can't have probable cause until you do a presumptive test." We conclude that the trial court erred in suppressing the methamphetamine found on the mirror.
Police may seize an item in plain view if: (1) the officer is in a place where he has a legitimate right to be; (2) the incriminating nature of the evidence is immediately apparent; and (3) the officer has a lawful right of access to the object. See Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); Black v. State, 630 So.2d 609 (Fla. 1st DCA 1993). Since the detectives' entry into the room was consensual and they had a lawful right of access to the mirror, the issue is whether the methamphetamine was immediately apparent.
In determining whether the incriminating nature of the evidence is immediately apparent, police are not required to know that an item is contraband. See Black, 630 So.2d at 613.
It merely requires that the facts available to the officer would "warrant a man of reasonable caution in the belief" (citation omitted) that certain items may be contraband...; it does not demand any showing that such a belief be correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required.
Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).
Contrary to the trial court's finding, a chemical test on the substance showing that it was illegal contraband was not required to establish that it was immediately apparent. We conclude that the incriminating nature of *994 the methamphetamine was immediately apparent upon the officer's observation of the white, powdery substance on the mirror. See Roberts v. State, 566 So.2d 848 (Fla. 5th DCA 1990) (holding that the trial court properly denied a motion to suppress where police observed a mirror with white powder in plain view). Therefore, the methamphetamine found on the mirror should not have been suppressed.
However, the subsequent warrantless search of Futch's motel room after his arrest was improper. A warrantless search incident to a lawful arrest is limited to the area within the immediate control of the defendant. See Gay v. State, 607 So.2d 454 (Fla. 1st DCA 1992); Brown v. State, 377 So.2d 819 (Fla. 1st DCA 1979). Here, Futch was arrested outside his room. The State does not argue that there were any exigent circumstances that would allow a warrantless search of Futch's entire motel room. Law enforcement could have obtained a warrant after the arrest. Therefore, any evidence found pursuant to the search of Futch's motel room after his arrest was properly suppressed.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
PARKER, C.J., and QUINCE, J., concur.
NOTES
[1] This information was later determined to be false.
[2] Futch does not contend that the detectives' entry into his room was not consensual.