729 So.2d 463 (1999)
STATE of Florida, Appellant,
v.
Romerio WALKER and Christina Young, Appellees.
No. 98-00203.
District Court of Appeal of Florida, Second District.
March 19, 1999.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
Ronald N. Toward, Bartow, for Appellees.
THREADGILL, Judge.
The State challenges an order, which grants a motion to suppress evidence filed by the appellees, Romerio Walker and Christina Young. The State contends the trial court improperly determined that law enforcement officers used an unlawful seizure of contraband to obtain a lawful warrant to search the appellees' residence. We reverse.
On December 11, 1996, while investigating an alleged burglary at the appellees' residence, one of the officers involved noticed clear, open, plastic bags containing small amounts of a white crystalline powder on the kitchen floor. The officer, who was experienced *464 in narcotics enforcement, immediately suspected the substance to be cocaine, because of its appearance. He then put on his glasses to get a clearer look. Still suspecting cocaine, the officer reached into one of the open bags and tasted, touched and smelled the contents. Believing the substance to be cocaine, the officer secreted one bag in his jacket, subsequently testing it upon returning to the police station. When the results of the narcotics test proved positive for cocaine, the officer relayed the information, both in writing and in person, to a superior officer, who used the information to obtain a search warrant for the appellees' residence. Upon execution of the search warrant, officers found more than 200 grams of cocaine packaged in various plastic baggies, a .40 caliber handgun, more than $3,000 in cash, and three scales. The appellees were thus charged with trafficking in cocaine. Appellee Walker was additionally charged with possession of a firearm by a convicted felon.
Thereafter, the appellees filed a motion to suppress, claiming that the affidavit filed in support of the application for the search warrant was defective and unlawful because the allegations therein were not personally known or directly communicated to the affiant. The appellees further claimed that the facts alleged in the affidavit, "even if believed," did not provide sufficient probable cause to believe that contraband would be found in the subject residence. The lawfulness of the police presence in the residence was undisputed and otherwise stipulated to.
After a hearing, the trial court granted the motion to suppress, ruling that the officers violated the plain view doctrine, because "they unlawfully purloined from the defendants' premises an article which was in effect seized, and then used that unlawful seizure as a basis upon ... which to seek a lawful warrant." The State filed a timely notice of appeal, contending that the evidence seized under the warrant should not have been suppressed, because the officers did, in fact, act in compliance with the plain view doctrine in seizing the evidence used to obtain the warrant.
Seizure of contraband in plain view, where officers have a lawful right to be, is proper if the incriminating nature of the evidence is apparent, and the officers have a lawful right of access to the object seized. See State v. Futch, 715 So.2d 992, 993 (Fla. 2d DCA 1998). It is undisputed in the instant case that the officers who were investigating the burglary at the appellees' residence had a lawful right to be there. It is further undisputed that the cocaine bags in question were open, in plain view of, and nearby to the officer who observed them. The officer thus had a lawful right of access to those bags. See Futch (wherein this court determined that officers had a right of access to a mirror with powder on it, which they observed in a motel room where they had a lawful right to be). It is the appellees' contention, however, that the incriminating nature of the evidence seized was not readily apparent.
"In determining whether the incriminating nature of the evidence is immediately apparent, police are not required to know that an item is contraband." Futch, 715 So.2d at 993 (citing Black v. State, 630 So.2d 609, 613 (Fla. 1st DCA 1993)). Such a determination merely requires that the facts available to the officer would lead a reasonable man of caution to believe that certain items may be contraband. See Futch, 715 So.2d at 993 (citing Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983)). That subjective belief on the part of the officer need not ultimately be proven true. See Futch, 715 So.2d at 993. In the instant case, the record shows that the officer who initially observed the baggies had extensive and irrefutable experience in narcotics enforcement and immediately suspected the white crystalline substance in the bags to be cocaine. Though he acknowledged that it was within the realm of possibility that the substance could have ultimately proven to be something else, he, based on his experience, immediately and reasonably perceived otherwise. Thus, under the plain view doctrine, he had probable cause to seize the bags. See Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); Futch (wherein this court concluded that the fact officers had to perform more than one narcotics test to get a positive result did not negate probable *465 cause to seize plain view evidence); State v. Waterman, 638 So.2d 1032 (Fla. 2d DCA 1994).
Once probable cause based on plain view exists, police must still obtain a warrant to search a premises where contraband is found, unless exigent circumstances exist. See Waterman, 638 So.2d at 1036. The police officers involved here honored that requirement-though exigent circumstances would have been arguableand obtained a valid warrant, based on a truthful affidavit in which the affiant properly and irrefutably alleged facts directly relayed to him by a fellow officer. See State v. Siluk, 567 So.2d 26 (Fla. 5th DCA 1990)(information used to obtain warrant was provided by fellow officer); State v. Crisp, 307 So.2d 454 (Fla. 4th DCA 1975). Those facts provided probable cause to believe that contraband would be found within the appellees' residence. See Younger v. State, 433 So.2d 636 (Fla. 5th DCA 1983)(stating that a plain view finding of contraband within a residence provides probable cause to believe that other contraband is present therein).
Since the instant record demonstrates that the officer had a right to seize the cocaine bags initially observed in the appellees' residence and that a lawful warrant to search the residence issued as a result, the trial court erred in suppressing the evidence seized upon the execution of that warrant. This cause is therefore reversed and remanded for further proceedings.
Reversed and remanded.
CAMPBELL, A.C.J., and FULMER, J., Concur.