SHAHOOD, J.
Appellant was charged with possession of a firearm by a convicted felon (count I), possession of cocaine (count II), and possession of cannabis (misdemeanor)(count III). He moved to suppress all statements made to the police, as well as any and all physical evidence. The trial court denied the motion. Appellant pled no contest, reserving the right to appeal the denial of his motion. We reverse the conviction on count I, but affirm on counts II and III.
At the hearing on the motion to suppress, Shandra Joseph testified that she lived in an apartment in Hollywood, Florida. Appellant did not reside there with her, nor did he store anything in the closets. Appellant was at Ms. Joseph’s apartment on June 6, 2000 at her request, because she was expecting a telephone repair man to come to the apartment. Ms. Joseph’s three-year-old son was also at the apartment with appellant.
Officer Lyle Paul Bien testified that he responded to Ms. Joseph’s apartment on June 6, 2000, and met first with the landlord who presented lease papers stating that appellant lived there. Officer Bien verified that he had an active capias for appellant’s arrest, and then went to the apartment to arrest him. Appellant was arrested and made to sit in a chair outside the front door of the apartment. A later search of appellant’s person, incident to the arrest, revealed a small amount of cocaine in his pocket.
The officers did not ask whether appellant lived in the apartment, but opened the front door and went inside the apartment, ostensibly to check on the small child who was inside. They did not have a warrant or consent to enter the apartment. They walked around the one bedroom efficiency motel room, and noticed, in plain view, a marijuana cigarette on a table. Through an opened closet door, the officers also saw a shotgun inside the closet on a shelf.
*1008 According to appellant, at the time of this incident, he lived in North Miami Beach. He happened to be in Ms. Joseph’s apartment in Hollywood, Florida to wait while the repair man fixed her telephone. Appellant answered a knock at the door, and saw a police officer who asked appellant his name and whether he lived in the apartment. When appellant told the officer his name, the officer “grabbed [him], threw [him] on the floor and said [that he was] a liar.” Appellant was ultimately arrested and handcuffed. He was never read his Miranda rights. He never gave the officers his consent to enter the apartment.
The trial court found that the officers’ arrest of appellant pursuant to an active capias was lawful, and that their entry into the apartment was likewise lawful because the officers had an obligation to ensure the safety of the small child. Consequently, the trial court concluded that the subsequent sighting of the shotgun, which was in plain view, and its seizure by the officers, was lawful as a valid search incident to arrest.
Three conditions are necessary to sustain a plain view search. See Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). First, the police officer must be in a place where he has a lawful right to be. Id. Second, in the course of his presence the officer must inadvertently see an object in plain view. Id. Third, it must be immediately apparent to the officer that the object is contraband or evidence of a crime. Id. In determining whether the incriminating nature of the object is immediately apparent, police are not required to know that an item is contraband. See State v. Walker, 729 So.2d 463, 464 (Fla. 2d DCA 1999) (citation omitted). Rather, it is enough that “the facts available to the officer would lead a reasonable man of caution to believe that certain items may be contraband.” Id. (citing State v. Futch, 715 So.2d 992, 993 (Fla. 2d DCA 1998) and Texas v. Brown, 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983)); see also Jones v. State, 648 So.2d 669, 678 (Fla.1994)(“imme-diately apparent” means that “at the time police view the object to be seized, they must have probable cause to believe that the object is contraband or evidence of a crime”).
In this case, appellant does not dispute the validity of the arrest, the lawfulness of the officers’ entry into the apartment, or the fact that the shotgun was in plain view. His sole argument is that it was unlawful for the officers to seize the weapon because it was not immediately apparent to the officers that the gun was contraband. We agree. See generally Whiting v. State, 595 So.2d 1070 (Fla. 2d DCA 1992)(holding that possession of a weapon is not, in an of itself, a crime).
At the suppression hearing, there was no testimony concerning facts which would lead a reasonable person to conclude that the gun was contraband. For example, there was no evidence that the officers knew appellant to be a convicted felon, that the shotgun was immediately recognizable as being illegal (i.e., sawed off shotgun), or that the shotgun was suspected of having been used in a crime which the officers were investigating. Furthermore, since appellant was arrested outside of the apartment and immediately handcuffed, and the officers entered the apartment only to check on the welfare of the small child, the safety of the officers was not a concern which would justify seizure of the gun. Compare Spinkellink v. State, 313 So.2d 666 (Fla.1975)(holding that police seizure of weapon in plain view was lawful search incident to arrest where appellant was handcuffed but sitting within a few feet from where the gun was located); Braham v. State, 724 So.2d 592 (Fla. 2d *1009 DCA 1998), rev. denied, 729 So.2d 389 (Fla.1999)(holding that police seizure of weapon in plain view, even though appellant was handcuffed and under the control of the officers, was lawful because there were other occupants in the house who were not handcuffed and who would have had access to the weapon). The State has not provided, and we have not found, any precedent which would justify the search of a house under circumstances similar to those in this case.
Thus, based on these facts, we conclude that it was error to deny appellant’s motion to suppress. Although the entry into the apartment was lawful, the ultimate seizure of the shotgun was not lawful because (l)it was not immediately apparent that the weapon was contraband or evidence of a crime; (2)the officers did not have a legitimate concern for their safety; and (3)there was no evidence that appellant had either actual or constructive possession of the shotgun. The judgment of conviction on count I is reversed, and this cause remanded for further proceedings.
REVERSED AND REMANDED.
KLEIN and GROSS, JJ., concur.