PER CURIAM.
Appellant, Jesse Washington, appeals the denial of his motion to suppress cocaine and drug paraphernalia found during a warrantless search of his motel room. Although we agree that the paraphernalia seizure was proper, the trial court misapplied the law in holding the cocaine seizure to be lawful. Accordingly, we reverse appellant’s drug possession conviction.
Appellant was arrested after police officers found a baggie containing cocaine residue in his motel room. The officers had earlier observed the baggie while looking through the room’s window during a search of the motel for a stolen car suspect. The officers received consent to search appellant’s room for the suspect, and while therein seized the baggie, which was sticking out of appellant’s shoe. The officers exited the room to place appellant under arrest, and then re-entered to search for drugs. During this second search, the officers found a pill bottle containing cocaine hidden in a hat. Appellant was subsequently convicted on one count of drug possession and one count of paraphernalia possession.
The trial court denied appellant’s motion to suppress the baggie and cocaine, concluding that seizure of the baggie was proper under the Fourth Amendment. We agree that this seizure was proper because while legally in the room for purposes of looking for a suspect, the officers observed the baggie in plain view. See, e.g., Pagan v. State, 830 So.2d 792, 808-09 (Fla.2002); see also Lee v. State, 856 So.2d 1133, 1136 (Fla. 1st DCA 2003) (discussing that officers can make a warrantless entry into a protected area with defendant’s consent). We, therefore, affirm appellant’s conviction on Count II, possession of drug paraphernalia.
The trial court further held that the subsequent warrantless search and seizure of the cocaine in the pill bottle was lawful as a valid search incident to arrest. This was error. “A warrantless search incident to a lawful arrest is limited to the area within the immediate control of the defendant.” State v. Futch, 715 So.2d 992, 994 (Fla. 2d DCA 1998) (invalidating a drug seizure inside a motel room occurring after defendant was taken outside of the room and arrested); see also Vale v. Louisiana, 399 U.S. 30, 33-34, 90 S.Ct. 1969, 26 L.Ed.2d 409 (1970) (“If a search of a [motel room] is to be upheld as incident to an arrest, that arrest must take place inside the [motel room].... ”); Vasquez v. State, 870 So.2d 26 (Fla. 2d DCA 2003) (suppressing evidence seized without a warrant in motel room after defendant was arrested outside of room). Therefore, the trial court reversibly erred in upholding this search as valid incident to arrest. Accordingly, we reverse appellant’s conviction and sentence with respect to Count I and remand this cause for a new trial.
AFFIRMED in part; REVERSED in part and REMANDED with instructions.
KAHN, WEBSTER and POLSTON, JJ., concur.