IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KENDRICK HERRING,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant,

v.

CASE NO. 1D13-5304

STATE OF FLORIDA,

Appellee.

_____/

Opinion filed May 22, 2015.

An appeal from the Circuit Court for Leon County.
Dawn Caloca-Johnson, Judge.

Jeffrey E. Lewis, Regional Conflict Counsel, and Melissa Joy Ford, Assistant Regional Conflict Counsel, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Justin D. Chapman, Assistant Attorney General, Tallahassee, for Appellee.

ROBERTS, J.

Kendrick Herring appeals the trial court's denial of his motion to suppress any evidence obtained as a result of the search and seizure of his real-time cellphone location data. The Appellant argues that he had an expectation of privacy in that

real-time data and law enforcement's failure to obtain a warrant violated his Fourth Amendment rights. We agree and reverse.

## I. Facts

On March 18, 2011, Timmy Andrew and the Appellant made contact via cellphone to arrange a drug deal. Andrew and his friend, Terry Eubanks, met the Appellant around 10:30 p.m. When they arrived at the address the Appellant gave Andrew, the Appellant and Andrew discussed the sale, and the Appellant then opened fire on the vehicle Andrew and Eubanks were occupying. Andrew and Eubanks managed to escape from the scene, fled to Eubanks' home, and contacted law enforcement. Andrew died of his injuries, and Eubanks suffered a gunshot wound to his arm.

Around 11:15 p.m., Eubanks told law enforcement that Andrews and the Appellant had been communicating via cellphone. At 1:52 a.m., law enforcement contacted the cellphone provider using an exigent circumstances form and asked for the Appellant's real-time cellphone location data. Around 2:50 a.m., the cellphone provider began sending the real-time cellphone location data. The Appellant was located using this data and was arrested around 4:00 a.m. During the Appellant's arrest, law enforcement recovered a .45 caliber handgun, which matched the projectiles recovered from Andrew as well as the casings found at the scene of the shooting. Law enforcement also recovered the cellphone that was used to

2

communicate with Andrew earlier in the evening.

The Appellant was charged with the following counts: (1) second-degree murder; (2) attempted first-degree murder; (3) aggravated assault on a law enforcement officer; (4) possession of a firearm by a convicted felon; (5) carrying a concealed firearm; and (6) resisting an officer with violence. He filed a motion to suppress arguing that his real-time cellphone location data was illegally seized because law enforcement did not seek a warrant and none of the warrantless search and seizure exceptions applied. The Appellant sought to suppress the cellphone, firearm, and all other physical evidence recovered during his arrest. Following a suppression hearing, the trial court entered an order finding that there were exigent circumstances in this case that abrogated law enforcement's requirement to obtain a warrant.

## II. Analysis

### A. Standard of review

The standard of review for a motion to suppress is summarized in State v. Gandy,

> A trial court's ruling on a motion to suppress comes to us clothed with a presumption of correctness, and we must interpret the evidence and reasonable inferences and deductions in a manner most favorable to sustaining that ruling. Johnson v. State, 608 So. 2d 4, 9 (Fla. 1992), *cert. denied*, 508 U.S. 919 (1993). In this case, the facts are undisputed and supported by competent substantial evidence. See Caso v. State, 524 So. 2d 422 (Fla.), *cert. denied*, 488 U.S. 870 (1988). Accordingly, our review of the trial court's application of the law to the facts is *de novo*. See United States v. Harris, 928 F.2d 1113, 1115–16

3

(11th Cir.1991). In addition, we are constitutionally required to interpret search and seizure issues in conformity with the Fourth Amendment of the United States as interpreted by the United States Supreme Court. See Fla. Const. art. I, § 12; Perez v. State, 620 So. 2d 1256 (Fla. 1993); Bernie v. State, 524 So. 2d 988 (Fla. 1988)

766 So. 2d 1234, 1235-36 (Fla. 1st DCA 2000).

## B. Expectation of privacy in real-time cellphone location data

The Appellant argues that he had a reasonable expectation of privacy in his real-time cellphone location data. The Florida Supreme Court in Tracey v. State recently held that "regardless of Tracey's location on public roads, the use of his cell site location information emanating from his cell phone in order to track him in real time was a search within the purview of the Fourth Amendment for which probable cause was required." 152 So. 3d 504, 525-26 (Fla. 2014). As such, the Appellant is correct that he has a reasonable expectation of privacy in his real-time cellphone location data.

The circumstances at issue here occurred prior to the Tracey ruling, and the State argues that the good faith exception applies. However, in Tracey, the court held that because there was "no warrant, court order, or binding appellate precedent authorizing real time cell site location tracking," the good faith exception was not applicable. Id. at 526. As such, here, because there is no warrant, court order, or binding appellate precedent providing that one does not have a reasonable expectation of privacy in real-time cellphone location data, the good faith exception

4

does not apply.

## C. Exigent circumstances

The trial court found that there were exigent circumstances that relieved law enforcement of its duty to obtain a warrant. Warrantless searches and seizures are *per se* unreasonable under the Fourth Amendment subject to only a few exceptions. See Katz v. United States, 389 U.S. 347, 357 (1967). One of these exceptions is for exigent circumstances. Lee v. State, 856 So. 2d 1133, 1136 (Fla. 1st DCA 2003). There is no exhaustive list of what constitutes exigent circumstances, but this Court has identified the following factors as indicators of exigency:

> (1) the gravity or violent nature of the offense with which the suspect is to be charged; (2) a reasonable belief that the suspect is armed; (3) probable cause to believe that the suspect committed the crime; (4) strong reason to believe that the suspect is in the premises being entered; and (5) a likelihood that delay could cause the escape of the suspect or the destruction of essential evidence, or jeopardize the safety of officers or the public.

Id. at 1136-37 (citing to United States v. Standridge, 810 F.2d 1034, 1037 (11th Cir.), *cert. denied*, 481 U.S. 1072 (1987)).

Here, the suspect was to be charged with murder and attempted murder. Law enforcement officers had a reasonable belief that the suspect was armed because they did not recover a firearm from the scene of the shooting. The officers also feared that a delay in the capture of the suspect could jeopardize the safety of law enforcement or the public. As such, there were various factors here that indicated

5

exigent circumstances.

However, when determining whether sufficient exigent circumstances exist, courts examine the totality of the circumstances. Seibert v. State, 923 So. 2d 460, 468 (Fla. 2006) (citing to Zeigler v. State, 402 So. 2d 365, 371 (Fla. 1981)). One such circumstance that courts look to is whether law enforcement had the time to secure a warrant. Lee, 856 So. 2d at 1136 ("Some set of facts must exist that precludes taking the time to secure a warrant."). "[I]f time to get a warrant exists, the enforcement agency must use that time to obtain the warrant." Hornblower v. State, 351 So. 2d 716, 718 (Fla. 1977).

Based on the record before us, it appears that the State failed to present testimony to establish that officers could not have obtained a warrant during the 2.5 hour period at issue. Further, there was no testimony that the officers made an attempt to obtain a warrant or that they considered making such an attempt. Accordingly, under the facts presented, the totality of the circumstances does not demonstrate exigent circumstances to overcome the warrant requirement.

REVERSE.

CLARK and ROWE, JJ., CONCUR.