LUCAS, Judge.
Anthony Hanifan raises several arguments on appeal of his convictions for multiple counts of sexual battery, lewd or lascivious molestation, lewd or lascivious exhibition, use of a child in a sexual performance, and transmission of child pornography. Because we find no error in the judgment or sentences, we affirm. We write to address Mr. Hanifan’s argument that the trial court erred in denying his motion to suppress evidence extracted from his iPhone, which he claims was wrongfully seized without a warrant and in violation of the “police-created exigency” doctrine.
Much of the evidence in Mr. Hanifan’s trial revolved around digital images of child pornography that were stored within his personal smartphone, an Apple iPhone 3GS. We must briefly trace the events leading up to its seizure. In late October 2011 North Port Police Department investigators received an alert from a Massachusetts state trooper that an individual named Anthony Hanifan had transmitted child pornography to a criminal defendant in Massachusetts. After interviewing Mr. Hanifan’s wife, North Port police officers became apprised of Mr. Hanifan’s physical description, as well as his car’s description, and that Mr. Hanifan possessed a smart-phone that he kept in a black protective case. Through further coordination of North Port police investigators and Massachusetts law enforcement, the North Port police learned that Mr. Hanifan’s smart- *279 phone was directly implicated in Mr. Hani-fan’s alleged criminal activities.
Two North Port police detectives then went to Mr. Hanifan’s house in an attempt to contact him. Finding no one home, they waited in their vehicle in a neighbor’s driveway until they observed Mr. Hanifan driving his vehicle toward his house. He came almost to a complete stop in front of his driveway then suddenly sped away. In pursuit, the detectives saw Mr. Hanifan’s vehicle drive through two intersections, each time passing a stop sign without making a complete stop. The detectives relayed this observation to their supervisor and were ordered to execute a stop of the vehicle and take custody of a smartphone in a black case if they observed one. They stopped Mr. Hanifan, identified him, and seized his iPhone, which was lying in its black case in the officers’ plain view on the passenger-side front floorboard. The iPhone was secured, but not accessed or searched, until the detectives obtained and executed a search warrant.[1]
Ordinarily, a law enforcement officer must obtain a warrant prior to seizing the personal effects of an individual. See, e.g., Arizona v. Gant, 556 U.S. 332, 338, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009) (“[0]ur analysis begins ... with the basic rule that ‘searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment— subject only to a few specifically established and well-delineated exceptions.’ ” (quoting Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967))); United States v. Jeffers, 342 U.S. 48, 51, 72 S.Ct. 93, 96 L.Ed. 59 (1951) (“The Fourth Amendment prohibits both unreasonable searches and unreasonable seizures, and its protection extends to both ‘houses’ and ‘effects.’ ” (footnote omitted)). However, as the Supreme Court has repeatedly observed, prevention of the imminent destruction of evidence has long been recognized as a sufficient justification for a warrantless search or seizure. Kentucky v. King, 563 U.S. 452, 131 S.Ct. 1849, 1856, 179 L.Ed.2d 865 (2011) (citing Brigham City, Utah v. Stuart, 547 U.S. 398, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006)). The State bears the burden of showing that an exigent circumstance, such as the potential destruction of evidence, existed at the time of the seizure; it must also rebut the presumption that a warrantless search is unreasonable. Riggs v. State, 918 So.2d 274, 278 (Fla.2005); Hornblower v. State, 351 So.2d 716, 718 (Fla.1977).
The State has met its burden here. Having been informed of Mr. Hanifan’s alleged criminal activity and the likelihood that a smartphone on his person could contain direct evidence of that criminal activity, and then observing what, by all appearances, was an attempt to elude law enforcement officers by driving through two stop signs, there was reasonable justification for the seizure of the iPhone. The detectives’ concerns that Mr. Hanifan could destroy or conceal the iPhone or delete the electronic data and digital images stored on it were reasonable and authorized them to temporarily retain custody of the phone while they obtained a warrant. Cf. Riley v. California, — U.S. *280 -, -, 134 S.Ct. 2473, 2486, 189 L.Ed.2d 430 (2014) (noting petitioners’ “sensible” concession “that officers could have seized and secured their cell phones to prevent destruction of evidence while seeking a warrant.”).
Mr. Hanifan contends that the facts of this case implicate the “police-created exigency” exception to this rule. He argues that any probable cause or exigent circumstances that might have justified seizing his iPhone were of the detectives’ own machination. For this proposition, Mr. Hanifan cites United States v. Chambers, 395 F.3d 563, 566 (6th Cir.2005), which states that “for a warrantless search to stand, law enforcement officers must be responding to an unanticipated exigency rather than simply creating the exigency for themselves.” We do not find his argument persuasive, particularly since the holding in Chambers was abrogated by the Supreme Court in Kentucky v. King, 563 U.S. 452, 131 S.Ct. 1849, 179 L.Ed.2d 865 (2011).
In King, the Supreme Court recognized that in some sense the police always create the exigent circumstances, as there ■is an inherent degree of police involvement whenever they undertake a search or seizure to prevent the potential destruction of evidence. Id. at 1857 (“[A] rule that precludes the police from making a warrant-less .entry to prevent the destruction of evidence whenever their conduct causes the exigency would unreasonably shrink the reach of this well-established exception to the warrant requirement.”). The King Court concluded that a warrantless search or seizure to prevent the destruction of evidence is reasonable and, therefore, allowed so long as “the police did not create the exigency by engaging or threatening to engage in conduct that violates the Fourth Amendment.” Id. at 1858.
In effect, Mr. Hanifan’s argument would liken the mere presence of these detectives in his neighborhood to a threat against his constitutional rights. We fail to see that parallel. The detectives’ parking and waiting in a nearby driveway was not akin to, “for example, [police] announcing that they would break down the door if the occupants did not open the door voluntarily.” Id. at 1863. Indeed, the detectives made no contact with Mr. Hanifan whatsoever before they observed his traffic infractions and stopped him. Accordingly, the police-created exigency doctrine does not apply here, and the trial court properly denied the motion to suppress.
Affirmed.
KHOUZAM, J., Concurs.
VILLANTI, C.J., Concurs specially.

. Because of this sequence of events, we are primarily focused on the initial seizure of the iPhone, not its later search that revealed the inculpatory images. The case at bar is thus distinguishable from Willis v. State, 148 So.3d 480 (Fla. 2d DCA 2014), which held that the subsequent, warrantless search of a driver's cell phone violated the Fourth Amendment even though the phone had been validly seized during a traffic stop arrest. Mr. Hani-fan also challenges the warrant on various grounds, but we find no merit in any of his arguments.