DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID BARTON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-0280

[January 24, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 13016364CF10A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant David Barton was found guilty of attempted murder in the second degree, and attempted manslaughter by act with a firearm. On appeal, Appellant argues that the trial court improperly admitted a photograph, and that his defense counsel was ineffective. We affirm the trial court on all issues. We find no error with the admission of the photograph, as it was relevant and sufficiently connected to the crimes. *See Holloway v. State*, 114 So. 3d 296, 297 (Fla. 4th DCA 2013). Additionally, as discussed below, there is insufficient evidence on the face of the record to show that Appellant's trial counsel was ineffective for failing to file a motion to suppress evidence retrieved from a warrantless search of Appellant's cell phone.

**Background**

The State presented witness testimony that two weeks prior to the shooting at issue, Appellant and another student got into a fight, resulting in a one week suspension. Later that week in the early morning, a gunman fired four or five times towards a school bus stop near an elementary

school, where there were fifteen to twenty-five students at the time. The student that fought with Appellant earlier that week was one of those students. Another student was seriously injured by a projectile lodged in her neck as a result of the shooting.

While investigating, police found projectiles consistent with a .22 caliber gun; however, police were unable to recover the weapon. Police also found a cell phone and its back cover near the scene of the crime. Specifically, the cell phone was found lying on the grass inside an apartment complex, just a few feet away from a fence separating the apartments from the street. In turn, that fence was located about fifteen feet away from the bus stop. A student testified that at the time of the event, he saw muzzle flash along the fence line. Moreover, police discovered three bullet holes in the fence rails, indicating that the shots came from the apartment complex.

After discovering the cell phone, police immediately took it to their Covert Electronic Surveillance Unit to extract data. While doing so, police were questioning witnesses to find the identity of the shooter. Within a few hours of finding the phone, police obtained the phone's number, as well as some contacts and text messages stored on the phone. Police initially matched the phone to Appellant since some of the text conversations mentioned his name. Police could also match the phone to Appellant because a student had provided them with Appellant's phone number during an interview. Several weeks later, police obtained a search warrant to get more detailed information from the phone, such as call logs, GPS locations, and subscriber information, definitively showing that the phone belonged to Appellant.

At trial, the State admitted the phone data without objection. The jury rendered a verdict finding Appellant guilty of attempted murder in the second degree, and attempted manslaughter by act with a firearm. This appeal followed.

## Analysis

Generally, a claim of ineffective assistance of counsel is not cognizable on direct appeal since the issue is so fact-specific. *Michel v. State*, 989 So. 2d 679, 681 (Fla. 4th DCA 2008) (citing *Gore v. State*, 784 So. 2d 418, 437-38 (Fla. 2001)). However, as this Court noted, "such a claim can be raised where the face of the record demonstrates ineffective assistance of counsel." *Id.* (citing *Bruno v. State*, 807 So. 2d 55, 63 n.14 (Fla. 2001)).

To prove ineffective assistance of counsel, the defendant must show that counsel's actions fell below an objective standard of reasonableness,

and that the defendant would have received a different result in the proceeding, but for such representation. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Phillips v. State*, 225 So. 3d 269, 271 (Fla. 4th DCA 2017). Appellant has failed to demonstrate deficient performance or prejudice on the face of the record.

As a preliminary matter, it is unclear whether Appellant's phone was password-protected when police found it near the scene of the crime, and thus unclear whether a warrant was required under *State v. K.C.*, 207 So. 3d 951, 958 (Fla. 4th DCA 2016), which held that if a defendant abandons a password-protected cell phone, police must generally first obtain a search warrant to access its contents.

Regardless of *K.C.*, the exigent circumstances exception to the warrant requirement applies to the facts of this case. *See Riggs v. State*, 918 So. 2d 274, 278 (Fla. 2005) ("[A] well-established exception exists for 'the sort of emergency or dangerous situation, described in our cases as 'exigent circumstances,' that would justify a warrantless entry into a home [or other object] for the purpose of either arrest or search.'" (quoting *Payton v. New York*, 445 U.S. 573, 583 (1980))); *see also Hanifan v. State*, 177 So. 3d 277, 279-80 (Fla. 2d DCA 2015) (applying the exigent circumstances exception to allow police to search a cell phone without a warrant). In *Riley v. California*, the U.S. Supreme Court acknowledged "[o]ne well-recognized exception" to the search warrant requirement—an "exigencies of the situation" exception that could include "pursu[ing] a fleeing suspect." 134 S. Ct. 2473, 2494 (2014) (quoting *Kentucky v. King*, 563 U.S. 452, 460 (2011)).

To determine whether an exigent circumstance exists, we look to the totality of the circumstances and consider various factors, including:

> (1) the gravity or violent nature of the offense with which the suspect is to be charged; (2) a reasonable belief that the suspect is armed; (3) probable cause to believe that the suspect committed the crime; (4) strong reason to believe that the suspect is in the premises being entered; and (5) a likelihood that delay could cause the escape of the suspect or the destruction of essential evidence, or jeopardize the safety of officers or the public.

*United States v. Standridge*, 810 F.2d 1034, 1037 (11th Cir. 1987); *accord Herring v. State*, 168 So. 3d 240, 243 (Fla. 1st DCA 2015).

In this case, any delay in finding the gunman may have had catastrophic consequences. At the time of the search, police knew the gunman fired several bullets towards fifteen to twenty-five students at a bus stop near an elementary school; a student was seriously injured; the gunman had not been detained; and the gun had not been located. These circumstances dictated a prompt response on the part of the authorities to discover the gunman's identity. *See United States v. Caraballo*, 831 F.3d 95, 104 (2d Cir. 2016) (holding that officers' warrantless pinging of the defendant's cell phone was justified under the exigent circumstances exception in part because the defendant, who had just brutally killed a victim execution style, was still likely armed and on the loose).

## Conclusion

There is no evidence on the face of the record that Appellant's counsel was ineffective for failing to file a motion to suppress evidence discovered per the warrantless search of the abandoned cell phone, as such a motion would likely have been fruitless due to the exigencies of the situation justifying this warrantless search. Appellant's conviction and sentence are therefore affirmed.

*Affirmed.*

TAYLOR and KLINGENSMITH, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***

4