# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

SHANE R. FERRELL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-0521

_____

July 19, 2024

Appeal from the Circuit Court for Sarasota County; Lee A. Haworth, Senior Judge.

Howard L. Dimmig, II, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Jonathan S. Tannen, Assistant Attorney General, Tampa, for Appellee.

LaROSE, Judge.

After the trial court denied his motion to suppress evidence, Shane R. Ferrell pleaded nolo contendere to possession of a controlled substance with the intent to sell or deliver, possession of a controlled substance without a prescription, and possession of drug paraphernalia. *See* §§ 893.13(1)(a)(1), (6)(a), .147(1), Fla. Stat. (2022).  Mr. Ferrell appeals his judgment and sentences.  We have jurisdiction.  *See* Fla. R. App. P. 9.030(b)(1)(A).

Mr. Ferrell contends that the trial court should have suppressed the contraband.  We disagree.  Deputies properly stopped Mr. Ferrell for

traffic violations and, during the stop, observed the incriminating nature of the seized items in plain view. Thus, we affirm.

## Background

Deputy Kyle Collison saw Mr. Ferrell engage with a man in a black Nissan. He suspected an illegal drug transaction. Mr. Ferrell left the scene, riding his bicycle. Deputy Collison relayed his observations to Deputy Eric Ellis, who was nearby. They followed Mr. Ferrell in separate vehicles. Deputy Ellis pulled Mr. Ferrell over for failing to stop at two stop signs. Deputy Collison arrived shortly thereafter. Mr. Ferrell admitted that he did not make complete stops.

Deputy Ellis observed a pocketknife clipped to a phone case on Mr. Ferrell's waistline. He removed the knife for safety reasons. *See generally Texas v. Brown*, 460 U.S. 730, 739 (1983) ("[I]f, while lawfully engaged in an activity. . . police officers perceive a suspicious object, they may seize it immediately."). Upon taking the knife, Deputy Ellis saw what he believed to be a "small baggie with white powder" inside a phone case on Mr. Ferrell's waistline. Deputy Ellis asked Mr. Ferrell what the white powder was. Mr. Ferrell responded, "It's not powder it's a pipe," while simultaneously reaching down towards the item. Concerned with destruction of evidence, Deputy Ellis took the baggie. *See generally Kentucky v. King*, 563 U.S. 452, 460 (2011) ("[T]he need 'to prevent the imminent destruction of evidence' has long been recognized as a sufficient justification for a warrantless search." (quoting *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006))). Upon inspection, Deputy Ellis determined the item was, indeed, a glass pipe.

Deputy Ellis considered the pipe to be drug paraphernalia. Accordingly, Deputy Collison arrested Mr. Ferrell. Deputy Collison then searched Mr. Ferrell incident to arrest and discovered alprazolam, marijuana, and methamphetamine. *See generally Draper v. United*

2

*States*, 358 U.S. 307, 314 (1959) (explaining that a "subsequent search and seizure, having been made incident to [a] lawful arrest" is valid).

Mr. Ferrell filed a motion to suppress, arguing that the stop was pretextual, the search was involuntary, and "[t]he [deputies] did not have a well-founded, articulable suspicion of any criminal activity." He claimed that the deputies violated his right against unreasonable searches and seizures afforded by the Fourth Amendment to the United States Constitution. *See generally* Amend. IV, U.S. Const. ("The right of the people to be secure in their persons . . . and effects . . . against unreasonable searches and seizures, shall not be violated . . . .").

After a hearing, the trial court denied the motion. The trial court found that Deputy Ellis had probable cause to stop Mr. Ferrell for traffic violations, Deputy Ellis reasonably and in good faith believed that what he viewed in plain view was contraband, and, consequently, Deputy Ellis was justified in seizing the pipe to prevent destruction.

On appeal, Mr. Ferrell maintains that "no probable cause of criminal activity supported the search," "the plain view exception to the warrant requirement did not support the search," and the trial court erred in denying his motion to suppress.

## Analysis

We observe that

> when reviewing a trial court's ruling on a motion to suppress, "mixed questions of law and fact that ultimately determine constitutional rights should be reviewed by appellate courts using a two-step approach." We defer to a trial court's findings of fact as long as they are supported by competent, substantial evidence, but we review de novo a trial court's application of the law to the historical facts.

*Ross v. State*, 45 So. 3d 403, 414 (Fla. 2010) (quoting *Connor v. State*, 803 So. 2d 598, 605 (Fla. 2001)). We also note that "[a] trial court's ruling on a motion to suppress comes to us clothed with a presumption

of correctness and, as the reviewing court, we must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling." *Murray v. State*, 692 So. 2d 157, 159 (Fla. 1997).

Generally, law enforcement officers must obtain a warrant prior to seizing an individual's personal effects. *Hanifan v. State*, 177 So. 3d 277, 279 (Fla. 2d DCA 2015). There are, of course, exceptions to the rule. For instance, "[law enforcement officers] may seize an item in plain view if: (1) the officer is in a place where he has a legitimate right to be; (2) the incriminating nature of the evidence is immediately apparent; and (3) the officer has a lawful right of access to the object." *State v. Futch*, 715 So. 2d 992, 993 (Fla 2d DCA 1998).

An officer need not know, for sure, that the item is contraband. *Id.* at 993 ("In determining whether the incriminating nature of the evidence is immediately apparent, police are not required to know that an item is contraband."); *State v. Fischer*, 987 So. 2d 708, 712 (Fla. 5th DCA 2008). Instead, the facts available to the officer require a "reasonable man of caution to believe that certain items may be contraband." *State v. Walker*, 729 So. 2d 463, 464 (Fla. 2d DCA 1999); *Brown*, 460 U.S. at 742 ("[I]t does not demand any showing that such a belief be correct or more likely true than false. A 'practical, nontechnical' probability that incriminating evidence is involved is all that is required." (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949))). The "subjective belief on the part of the officer need not ultimately be proven true." *Walker*, 729 So. 2d at 464.

### (1) Deputy Ellis lawfully stopped Mr. Ferrell for traffic violations

Deputy Ellis testified at the suppression hearing that he detained Mr. Ferrell for failing to stop at two stop signs. As the trial court correctly noted, Deputy Ellis lawfully detained Mr. Ferrell. His claim that

the stop was pretextual fails. *See Whren v. United States*, 517 U.S. 806, 810 (1996) (stating that a traffic stop "is reasonable where the police have probable cause to believe that a traffic violation has occurred"); *State v. Boston*, 267 So. 3d 463, 465 (Fla. 2d DCA 2019). Even Mr. Ferrell conceded that he did not make complete stops.

**(2)  The incriminating nature of the pipe was in plain view**

Our record reflects that after Deputy Ellis asked Mr. Ferrell whether "he could remove the pocketknife for his safety and ours," Deputy Ellis took the pocketknife from Mr. Ferrell. *Cf.* § 901.151(5), Fla. Stat. (2023) (providing that an officer who has temporarily detained an individual and who has probable cause to believe that the individual is armed with a dangerous weapon may seize the weapon).

Thereafter, Deputy Ellis observed what he thought was a bag of white powder. *See Walker*, 729 So. 2d at 464 ("Though he acknowledged that it was within the realm of possibility that the substance could have ultimately proven to be something else, he, based on his experience, immediately and reasonably perceived otherwise. Thus, under the plain view doctrine, [the officer] had probable cause to seize the bags [of cocaine]."). The bag would not have been visible if the knife was still clipped to Mr. Ferrell's waistline; removal of the knife revealed the bag.[1]

---

[1] Mr. Ferrell does not contest that the pocketknife constituted a "dangerous weapon." *See* § 790.001(13), Fla. Stat. (2022) (" 'Weapon' means any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon *except . . . a common pocketknife . . . .*" (emphasis added)). Thus, we will not consider this issue. *See Menchillo v. State*, 350 So. 3d 136, 139 n.1 (Fla. 2d DCA 2022) ("For an appellant to raise an issue properly on appeal, he must raise it in the initial brief. Otherwise, issues not raised in the initial brief are considered waived or abandoned." (quoting *Rosier v. State*, 276 So. 3d 403, 406 (Fla. 1st DCA 2019))).

Believing that Mr. Ferrell might destroy the item, Deputy Ellis seized it and confirmed that it was a glass pipe.

Deputy Ellis reasonably believed that he saw contraband in plain view, as evidenced by his testimony at the suppression hearing. Mr. Ferrell counters that (1) the incriminating nature of the item was not immediately apparent and (2) the pipe was not in plain view because Deputy Ellis incorrectly believed it was a bag of white powder.

We reject Mr. Ferrell's position. Removal of the knife exposed the bag to open view. As we noted earlier, Deputy Ellis's subjective belief prior to seizing the pipe did not have to be correct. *See id.* It was enough that Deputy Ellis had a reasonable belief that the item was contraband. *See id.*

As Deputy Ellis testified, white powder in a sandwich bag is identifiable as contraband. Deputy Ellis observed what appeared to be white powder twisted into the corner of a sandwich bag. Deputy Ellis also testified that, in his experience, small baggies of powder can be easily destroyed, eaten, or thrown away. Thus, Deputy Ellis was justified in seizing the item. *See Earman v. State*, 265 So. 2d 695, 697 (Fla. 1972) ("Essential to [a claim of imminent destruction of evidence] is testimony by the arresting officers or other competent evidence that they had reasonable grounds to believe [there would be imminent destruction of evidence].").

As the trial court noted in its suppression order, Mr. Ferrell's statement that the item was a pipe and the immediate discovery of drug paraphernalia established probable cause for his arrest. Substantial, competent evidence supports this finding. *See* § 893.147(1) ("It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia."); *see also Popple v. State*, 626 So. 2d 185, 186 (1993)

6

("[A]n arrest . . . must be supported by probable cause that a crime has been or is being committed.").

Mr. Ferrell's arrest justified searching him, a search that resulted in the lawful seizure of other contraband. *See State v. K.S.*, 28 So. 3d 985, 987 (Fla. 2d DCA 2010) ("Among the exceptions to the warrant requirement is a search incident to a lawful arrest." (quoting *Arizona v. Gant*, 556 U.S. 332, 339 (2009))); *see generally Chimel v. California*, 395 U.S. 752, 763 (1969) (describing the justifications for the search-incident-to-arrest principle).

## Conclusion

The trial court properly denied Mr. Ferrell's motion to suppress. We affirm Mr. Ferrell's judgment and sentences.

Affirmed.


VILLANTI and SMITH, JJ., Concur.

——————————————————

Opinion subject to revision prior to official publication.