# Third District Court of Appeal

## State of Florida

Opinion filed January 29, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0381
Lower Tribunal No. F22-15451
_____

**Juan Carlos Garcia Molina,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Laura Anne Stuzin, Judge.

Carlos J. Martinez, Public Defender, and Jennifer Thornton, Assistant Public Defender, for appellant.

John Guard, Acting Attorney General, and Haccord J. Curry, Assistant Attorney General, for appellee.

Before LOGUE, C.J., and EMAS and GORDO, JJ.

PER CURIAM.

Affirmed. <u>California v. Carney</u>, 471 U.S. 386, 392 (1985) ("The public is fully aware that it is accorded less privacy in its automobiles because of this compelling governmental need for regulation. Historically, 'individuals always [have] been on notice that movable vessels may be stopped and searched on facts giving rise to probable cause that the vehicle contains contraband, without the protection afforded by a magistrate's prior evaluation of those facts.' In short, the pervasive schemes of regulation, which necessarily lead to reduced expectations of privacy, and the exigencies attendant to ready mobility justify searches without prior recourse to the authority of a magistrate so long as the overriding standard of probable cause is met.") (quoting <u>United States v. Ross</u>, 456 U.S. 798, 806 n.8 (1982)). <u>See also</u> <u>State v. Andreskewicz</u>, 363 So. 3d 229 (Fla. 6th DCA 2023); <u>State v. Thornton</u>, 286 So. 3d 924, 929 (Fla. 5th DCA 2019) ("The law does not require that a law enforcement officer know with certainty that the item or substance is contraband in order for there to be probable cause that a crime is being committed in the officer's presence.") (citing <u>State v. Walker</u>, 729 So. 2d 463, 464 (Fla. 2d DCA 1999) ("In determining whether the incriminating nature of the evidence is immediately apparent, police are not required to know that an item is contraband. . . . Such a determination merely requires that the facts available to the officer would lead a reasonable man

2

of caution to believe that certain items may be contraband. That subjective belief on the part of the officer need not ultimately be proven true.") (additional citation omitted); State v. Fischer, 987 So. 2d 708, 712 (Fla. 5th DCA 2008) ("Based on an officer's training and experience, the incriminating nature of a substance in open view may be determined by the officer's visual observation and identification of the substance.")